**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN HALE, | No. 24-5133 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-01321-CDS-EJY |
| v. | MEMORANDUM* |
| STATE OF NEVADA, ex rel. Board of Regents for the Nevada System of Higher Education on behalf of The College of Southern Nevada, a State of Nevada entity; COLLEGE OF SOUTHERN NEVADA, | |
| Defendants - Appellees, | |
| and | |
| NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted July 9, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Dr. Melvin Hale applied for a position as an eLearning Librarian at the College of Southern Nevada ("CSN"). When CSN informed him that he was not hired, Dr. Hale filed a complaint with the Equal Employment Opportunity Commission. After receiving a right-to-sue letter, Dr. Hale filed suit against CSN. Dr. Hale alleged that CSN violated Title VII by denying his application in retaliation for his prior Title VII suit against Emporia State University, his previous employer. CSN moved for summary judgment and requested oral argument on its motion. Dr. Hale opposed the motion but did not request oral argument. The district court granted CSN's motion for summary judgment without hearing oral argument.

Dr. Hale appealed, arguing that the district court abused its discretion by denying oral argument and that it erred in concluding that he failed to establish a prima facie case of retaliation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. A "district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error in the absence of prejudice." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Fernhoff v. Tahoe Reg'l Plan. Agency*, 803 F.2d 979, 983 (9th Cir. 1986)). And

"there is no prejudice" when the party seeking oral argument had "an adequate opportunity to provide the trial court with evidence and a memorandum of law." *Id.* (quoting *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)). Dr. Hale argues oral argument was warranted because "several relevant pieces of evidence in the record, while not included in the opposition brief or the separate statement of disputed facts, could have been highlighted for the first time during oral argument." But he nowhere argues on appeal that he did not have "an adequate opportunity" to discuss any of this evidence in his opposition brief or statement of disputed facts. Thus, he has not shown the required prejudice, and so we cannot find that the district court's denial of oral argument constituted reversible error. *Partridge*, 141 F.3d at 926.

2. We review an order granting summary judgment de novo, and "[v]iewing the evidence in the light most favorable to the nonmovant, we consider whether genuine issues of material fact exist and whether the district court correctly applied the substantive law." *Vericool World, LLC v. Igloo Prods. Corp.*, 175 F.4th 1045, 1052 (9th Cir. 2026). Title VII retaliation claims are subject to the *McDonnell Douglas* burden-shifting framework. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). At step one of the burden-shifting framework, Dr. Hale bore the burden to introduce evidence establishing a prima facie claim of discrimination.

*Id.* When Title VII "retaliation claims aris[e] in the failure-to-hire context . . . the plaintiff meets h[is] prima facie burden by showing that 1) []he engaged in protected activities, 2) the position was eliminated as to h[im], and 3) the position was eliminated as to h[im] because of the protected activities." *Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986). A position is "eliminated as to" a plaintiff if the employer "clos[es] . . . the position or . . . hir[es] . . . someone else." *Id.* And a plaintiff meets his burden of showing a position was eliminated *because of* the protected activities only upon "showing that but for h[is]" protected activity the "position would not have been closed," *i.e.*, he did not get the job because of his protected activities. *Id.* at 786–87. A "failure to allege 'specific facts' sufficient to establish the existence of a prima facie case renders a grant of summary judgment appropriate." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987).

Even viewing the facts in the light most favorable to him, Dr. Hale has not shown that he did not get the job at CSN because of his prior lawsuit against Emporia. Namely, Dr. Hale has not introduced sufficient evidence to show that he was qualified for the position. The job posting listed "[e]xperience working in a library setting" as a "Required Qualification[]." Dr. Hale claims that he has the requisite experience because he has performed "over 1,000 hours of teaching library science as an Assistant Professor." But that two-year teaching experience

ended more than five years prior to Dr. Hale's application. His only experience working as a librarian—as opposed to working as an assistant library science professor—was for one year during his undergraduate studies in the 1970s as an intern.

Accordingly, CSN argues, and the district court concluded, that Dr. Hale did not show that he had "recent, substantial, and professional reference library experience." Dr. Hale responds that those particular adjectives did not appear in the job description. Construing the evidence and drawing all inferences in the light most favorable to Dr. Hale, he is correct that the job description did not require *reference* library experience, and it is not at all clear that the eLearning Librarian job was primarily a *reference* librarian position. But it is implausible that an explicit requirement of "[e]xperience working in a library" is not a requirement of substantial and professional experience working in a library. Dr. Hale introduced no evidence to show that his two-year, 1000-hour stint as an assistant professor teaching future librarians five years before his application to CSN amounted to substantial, professional experience working in a library. Nor was his one-year college internship working in a library five decades ago substantial, professional experience working in a library. Because the evidence shows that Dr. Hale was

5 24-5133

not hired for the job because of his lack of qualifications, he cannot establish a prima facie case of retaliation.

**AFFIRMED.**